UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRENDA R. BLALOCK, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:19-CV-01160 |
| VERSUS | DISTRICT JUDGE DRELL |
| UNION PACIFIC RAILROAD CO., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Amend Complaint filed by Plaintiffs Brenda R. Blalock, Brandy B. Kidder, William Blalock, and Michael Blalock ("Plaintiffs"), seeking to add Acadian Ambulance Service ("Acadian Ambulance") as a Defendant. ECF No. 28. Defendant Union Pacific Railroad Co. ("Union Pacific") opposes Plaintiffs' motion and filed its own Motion to Strike. ECF No. 27, 28. Because Plaintiffs have not presented their claim against Acadian Ambulance to a medical review panel, their claim is futile at this time and Plaintiffs' Motion to Amend should be DENIED. Because Union Pacific was not prejudiced by Plaintiffs' noncompliance with local rules, its Motion to Strike (ECF No. 28) is DENIED.

I. Background

Plaintiffs filed a petition against Union Pacific in a Louisiana state court. ECF No. 1-2. Union Pacific removed, alleging diversity. ECF No. 6.

Plaintiffs, the wife and children of the deceased Leo Horace Blalock ("Blalock"), allege wrongful death and survival action claims against Union Pacific. Plaintiffs

claim that Union Pacific stopped and blocked all railroad crossings between their home in Bunkie, Louisiana and the local hospital, preventing Acadian Ambulance from timely transporting Blalock to a hospital for emergency medical treatment, and necessitating arrangements for an airlift. Union Pacific employees and officials refused to move or create a break to accommodate Blalock's ambulance. As a result, Blalock did not arrive at the hospital in time to successfully receive life-saving treatment.

Plaintiffs filed a Motion to Amend Complaint (ECF No. 25) to add Acadian Ambulance as a Defendant. Defendants oppose that Motion and move to strike. ECF Nos. 27, 28.

II. **Law and Analysis**

A. **Plaintiffs' Motion to Amend is futile at this stage of the proceedings.**

Plaintiff's amendment adds Acadian Ambulance as a Defendant, alleging it erred in failing to take Blalock to a different hospital instead of waiting for an airlift. Plaintiffs contend the change in emergency transportation delayed Blalock's arrival at the hospital and deprived him of receive life-saving medical treatment.

Union Pacific argues that Plaintiffs' Motion to Amend should be denied because: (1) the amendment is futile; (2) it would destroy diversity jurisdiction; and (3) the amendment is dilatory.[1]

---

[1] Union Pacific is a Delaware corporation with its principal place of business in Nebraska. ECF No. 1 at 2. All Plaintiffs are citizens of Louisiana. ECF No. 1 at 2.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F.2d 117, 122 (5th Cir.1980)).

However, joinder of additional defendants in an action requires permission from the court, and new defendants must be involved in the same transaction or occurrence, with common questions of law or fact, as the originally named defendants. *See* Fed. R. Civ. P. Rule 20. A district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by allowing the amendment. *See Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1024 (5th Cir. 1981)).

A district court may also deny a motion to amend if it is futile. *See Stripling v. Jordan Production Co., L.L.C.,* 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amended complaint is "futile" if it fails to state a claim upon which relief can be granted. *See id.* at 873. Therefore, the issue is whether–in the light most favorable to the plaintiff, and with every doubt resolved in his favor–the proposed amended complaint states any valid claim for relief. *See id.* at 873.

---

There are four Acadian Ambulance Service companies. The one sued here is not specified. However, they are all incorporated in, and have their principal places of business in, Louisiana. *See https://coraweb.sos.la.gov/CommercialSearch/CommercialSearch.aspx.*

Union Pacific argues that Plaintiff's Motion to Amend to add Acadian Ambulance as a Defendant is futile because they have not presented their medical malpractice claim to a medical review panel. Plaintiffs do not allege their claim against Acadian Ambulance is a medical malpractice claim. Instead, Plaintiffs frame it as a wrongful death and survival action under Louisiana law.

Union Pacific contends that Acadian Ambulance is a medical healthcare provider as defined by the LMMA. Union Pacific argues that Plaintiffs' claim against Acadian Ambulance is premature because they did not first bring their claim before a medical review panel, as required by La. R.S. § 40:1231.8(A)(1).[2]

This issue has been discussed and resolved in the Louisiana courts. Ambulance companies are listed medical providers under the LMMA. *See* La. R.S. 40:1231.1(A)(1), (10); *see also Ricks v. City of Alexandria*, 2012 WL 3255122, at *5–6 (W.D. La. 2012), *report and recommendation adopted*, 2012 WL 3255109 (W.D. La. 2012). However, that does not mean that every claim against Acadian Ambulance is covered by the LMMA. Strict construction of the LMMA requires that its limitations on liability apply only to claims of negligence by the health care provider in the provision of "health care" or "professional services" to a patient. *See Schiro v. Acadian Ambulance Service, Inc.,* 2007–CA–0519 (La. App. 4th Cir. 11/9/07), 970 So.2d 677,

---

[2] "All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel. . . ." La. R.S. § 40:1231.8(A)(1).

4

writ den., 2008 C–0084, 2007–C–2386 (La. 3/7/08), 977 So.2d 916, 917 (quoting *Robinson v. Allen Parish Police Jury,* 05–0394 (La. App. 3d Cir. 12/30/05), 918 So.2d 535, *6-7, *writ den.*, 2006–C–0233 (La. 4/24/06), 926 So.2d 552). It is the nature of the act complained of, and not the status of Acadian Ambulance as a health care provider, that determines whether Plaintiffs have alleged a medical malpractice claim. *See Schiro*, 970 So. 2d at 678.

The LMMA defines "health care" as "an act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." La. R.S. 40:1231.1(A)(9). An ambulance service is required to exercise that degree of skill ordinarily employed under similar circumstances by others in the profession in the same community or locality–broadly, to use reasonable care, diligence, and judgment. *See Alphonse v. Acadian Ambulance Service, Inc.,* 2002 CA 0773, 0774, 0775, 0776 (La. App. 1st Cir. 3/28/03), 844 So.2d 294, 299, writ den., 2003–C–1086 (La. 6/20/03), 847 So.2d 1240; *Gray v. Taser International, Inc.*, 2012 WL 1329119, at *5 (W.D. La. 2012); *see also Ricks*, 2012 WL 3255122, at *5–6.

LSA–R.S. 40:1133.13(A)(1) provides immunity from civil damages for emergency medical technicians who are negligent in rendering professional services. *See Hidalgo v. Wilson Certified Express, Inc.,* 94-1322 (La. App. 1 Cir. 5/14/96), 676 So.2d 114, 119. After describing the immunity available to ambulance personnel performing medical duties, § 1133.13(A)(1) pointedly states: "Nothing herein shall

5

relieve the driver of the emergency vehicle from liability arising from the operation or use of such vehicle." *See Hidalgo,* 676 So.2d at 119. "Driving an ambulance is not the kind of emergency medical care or medical duty which the legislature sought to immunize from liability." *Hidalgo,* 676 So.2d at 119 (holding that plaintiff's claims against Acadian Ambulance arising from medical malpractice were covered by the Act while claims arising from Acadian's negligent driving were not); *see also Schiro*, 970 So.2d at 678 (neither negligence in driving an ambulance nor the failure to drive an ambulance is medical malpractice); *Robinson v. Allen Parish Police Jury,* 2005-0394 (La. App. 3 Cir. 12/30/05), 918 So.2d 535, 539, *writ den.,* 2006-C-0233 (La. 4/24/06), 926 So.2d 552 (damages caused by mechanical problems with ambulance fall outside the scope of the LMMA).

The court in *Hidalgo*, 676 So.2d at 119, noted that: (1) the LMMA's definition of malpractice specifically includes the "handling of a patient, including loading and unloading of a patient," but does not include any reference to transport of a patient, LSA–R.S. 40:1231.1(A)(13); and (2) the intent of the legislature was to exclude from the LMMA's scope conduct unrelated to the promotion of a patient's health or to the health care provider's exercise of professional expertise or skill. *See Hidalgo*, 676 So.2d at 119 (citing *Jure v. Raviotta,* 612 So.2d 225, 228 (La.App. 4th Cir.1992), *writ denied,* 614 So.2d 1257 (La.1993)).

Union Pacific points to *Miller v. Acadian Ambulance Service, Inc.*, 2013-1269 (La. App. 3d Cir. 3/5/14), 134 So.3d 250, 258, *writ den.,* 2014-C-0698 (La. 05/16/14),

6

139 So.3d 1028. In *Miller*, the court found the emergency transport service exercised "medical judgment" in deciding to transport Miller by helicopter rather than ambulance, in light of Miller's injuries. Thus, Acadian Ambulance was acting in its capacity as a health care provider and the LMMA applied.

In *Miller*, the determination as to the appropriate mode of transportation and destination was made by a paramedic at the Louisiana Emergency Response Network ("LERN") dispatch center, not by the ambulance service. *See Miller,* 134 So.3d at 253. The decision to order a helicopter was passed on to the ambulance service, which notified LERN that it did not have one immediately available. *See Miller,* 134 So.3d at 253. LERN accepted the delay for the helicopter. *See Miller,* 134 So.3d at 253. Transportation of the patient was further delayed by testing at the Northshore Medical Service before he was taken to a hospital. *See Miller,* 134 So.3d at 253.

The court found the medical decisions and actions taken on behalf of Miller by all three health care providers – Acadian Ambulance, LERN, and Riverside Medical Center – were intertwined and could not be separated for purposes of analysis. *See Miller,* 134 So.3d at 258. The court held the case was filed prematurely because a medical review panel had not reviewed plaintiff's claims against the defendants. *See Miller,* 134 So.3d at 258.

*Miller* (and other cases) indicate that the amount of time spent in route to a hospital affects healthcare decision-making. Choices as to route and mode of transportation are within the scope of conduct related to an ambulance service's

7

exercise of professional expertise or skill under the LMMA. They are professional decisions made by an ambulance service that affect a patient's healthcare, and are easily distinguishable from cases involving mechanical failures or vehicle accidents.

In this case, Plaintiffs allege that Acadian Ambulance's employees failed to choose the fastest alternative route or mode of transportation, or the nearest alternative hospital, when confronted by the roadblocks created by Union Pacific. Those are the types of professional healthcare decisions normally made by an ambulance service that take into consideration the patient's status and needs, and the time available.

Because Plaintiffs' claims are against Acadian Ambulance in its role as a healthcare provider, Plaintiffs are required to first present their claim to a Medical Review Panel under the LMMA. Plaintiffs have not done so. Thus, if allowed to amend, Plaintiffs' claim against Acadian Ambulance would be dismissed without prejudice for lack of exhaustion. *See Flagg v. Stryker Corp.,* 819 F.3d 132, 138 (5th Cir. 2016) (citing *Delcambre v. Blood Systems, Inc.,* 2004-0561 (La. 1/19/05), 893 So.2d 23, 27) (any suit for medical malpractice subject to the LMMA that is filed in district court prior to presentation of the claim to a medical review panel is subject to dismissal without prejudice for failing to satisfy the exhaustion requirement before filing suit).

Plaintiffs' Motion to Amend (ECF No. 25) to add Acadian Ambulance as a Defendant is futile at this time.

8

### B. Defendant's Motion to Strike is denied.

Citing Local Rule 7.4.1, Union Pacific moves to strike Plaintiffs' Motion to Amend because Plaintiffs failed to state in their Motion "the grounds therefore and any applicable rule, statute, or other authority justifying the relief sought." ECF Nos. 27, 28). Union Pacific further contends that Plaintiffs failed to file a memorandum that sets forth facts relevant to the determination that will have to be made under 28 U.S.C. § 1447(e),[3] as required by Local Rule 7.6.[4]

The district court may sanction conduct that is in direct defiance of the sanctioning court or that constitutes disobedience of the court's orders. *See Jones v. Swift Transportation Co., Inc.*, 464 Fed. Appx. 252, 253 (5th Cir. 2012) (citing *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 619 F.3d 458, 460 (5th Cir. 2010)). Because imposing sanctions is often a fact-intensive inquiry, the district court is given wide discretion. *See Jones*, 464 Fed. Appx. at 253 (citing *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (2001)).

Fed. R. Civ. P. 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, such motions are disfavored, and will usually be denied unless the allegations have no possible relevance to the controversy and may

---

[3] 28 U.S.C. § 1447(e) states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[4] Local Rule 7.7 was incorporated into Local Rule 7.6.

cause prejudice to one of the parties. *See Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F. Supp. 2d 938, 944 (W.D. La. 2004), *aff'd,* 137 Fed. Appx. 351 (Fed. Cir. 2005) (citing *In re Papst Licensing, GmbH, Patent Litigation,* 2000 WL 798465, *1, (E.D. La. 2000)). "'[E]ven when technically appropriate and well-founded,' motions to strike are not be granted 'in the absence of a showing of prejudice to the moving party.'" *Abene v. Jaybar, L.L.C.*, 802 F. Supp. 2d 716, 723 (E.D. La.2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004)); *see also Simmons v. City of Mamou*, 2009 WL 3294977, at *1 (W.D. La. 2009); *Whitney National Bank v. Boylston*, 2009 WL 1806655, at *4 (W.D. La. 2009); *Eubanks v. Jordan*, 2006 WL 1476111, at *1 (W.D. La. 2006); *Shreveport Plaza, L.L.C. v. Dollar Tree Stores, Inc.,* 2005 WL 8177780, at *1 (W.D. La. 2005)*, aff'd,* 196 Fed. Appx. 320 (5th Cir. 2006).

Union Pacific has not alleged or shown prejudice arising from Plaintiffs' failure to cite authority and file a brief in support of their Motion to Amend. Therefore, the Motion to Strike (ECF No. 28) should be denied. *Compare Boyd's Bit Service, Inc.*, 332 F. Supp. 2d at 944.

### III. Conclusion

Because Plaintiffs' claim against Acadian Ambulance is futile prior to presenting it to a medical review panel, Plaintiffs' Motion to Amend (ECF No. 25) should be DENIED.

Because Union Pacific has not shown prejudice arising from Plaintiffs' failure to follow local rules of Court, the Motion to Strike (ECF No. 28) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Tuesday, August 31, 2021.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge